UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-
DEC 1 2 2018
At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT |
| | ) | (Five Counts) |
| v. | ) | Cause Number: 3:18CR138 RLM |
| | ) | |
| SVEN ERIC MARSHALL | ) | 18 U.S.C. § 1341 |

**THE GRAND JURY CHARGES:**

<u>COUNTS 1-5</u>
**(Mail Fraud, 18 U.S.C. § 1341)**

1. At all times pertinent to this Indictment, the defendant,

**SVEN ERIC MARSHALL,**

was a resident of St. Joseph County, in the Northern District of Indiana.

2. At all times pertinent to this Indictment, the business named Trust & Investment Advisory Services of Indiana, Inc., was a business incorporated in Indiana having a principal place of business located in South Bend, Indiana, which is in the Northern District of Indiana. MARSHALL was the incorporator, president, and registered agent for Trust & Investment Advisory Services of Indiana, Inc. ("Trust & Investment").

3. Beginning in or about March 1998, and continuing through in or about February 2018, MARSHALL engaged in the business of investment services with clients. MARSHALL recruited investors to invest with

MARSHALL or with Trust & Investment. MARSHALL promised to investors that their investments would have rates of returns between 4% and 8.5% per annum. Induced by MARSHALL's promises, investors invested money with MARSHALL and Trust & Investment.

4. When investors invested money, MARSHALL issued documents to the investors titled "Certificates" that promised interest rates between 4% and 8.5% per annum and that indicated that the interest on the investment would be either paid monthly back to the investor or would be compounded monthly into the investor's investment. After making their investments with MARSHALL, some investors received a monthly check from MARSHALL or Trust & Investment corresponding to their monthly interest, while other investors received notice that their monthly interest was being compounded into their original investment. For all investors, every month, MARSHALL mailed a Trust & Investment statement to each investor, showing the purported current balance of the investors' investments.

5. Beginning in at least January 2016 or starting earlier, and continuing through in or about February 2018, in the Northern District of Indiana and elsewhere, MARSHALL, with the intent to defraud, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

6. The purpose of the scheme was to defraud people who had made investments with MARSHALL and his Trust & Investment business.

7. Sometime before January 2016, MARSHALL withdrew the investors' money that had been invested into the Trust & Investment account, leaving the account almost empty.

8. From at least January 2016 or starting earlier, and continuing through in or about February 2018, MARSHALL continued to mail a monthly Trust & Investment statement to each investor showing the purported current balance of the investment accounts. Although the Trust & Investment account was almost empty, these monthly statements indicated that the Trust & Investment account of each investor contained the investor's full investment. These monthly statements were false because they did not accurately reflect the investment balances in the Trust & Investment account.

9. When investors requested information about the status of their investments, MARSHALL concealed, misrepresented, and hid the existence of the scheme and the acts done in furtherance of the scheme, including by making misrepresentations about the financial status of the investments.

10. In order to hide the existence of the scheme and to prevent other financial accountants from inquiring about the status of the investments, MARSHALL offered, and did provide, free tax preparation work to his investors.

11. Throughout the time of the scheme, MARSHALL continued to provide payments every month to the investors who were expecting to receive the monthly interest on their investments. MARSHALL also gave money to some investors who had requested to withdraw a portion of their investments. MARSHALL made these payments to his investors even though the Trust & Investment account was almost empty. In order to ensure that the Trust & Investment account had a sufficient balance to cover these payments, MARSHALL periodically transferred money into the Trust & Investment account from other personal and business accounts. In addition, MARSHALL took money from the account of at least one client—a client account to which MARSHALL had access, but which contained money that did not belong to MARSHALL—and transferred the money to the Trust & Investment account, in order to ensure that the Trust & Investment account had a sufficient balance to cover payments to investors.

12. In or around December 2017 and January 2018, MARSHALL stopped communicating with his investors despite repeated attempts by the investors to contact MARSHALL. At around this same time, MARSHALL closed his office without notice to his investors and without providing a forwarding address or contact information. Since the closing of MARSHALL's office, the investors have been unable to locate MARSHALL or to recover their investments.

13. As a result of the scheme, MARSHALL misappropriated money invested by and belonging to his investors.

14. On or about the dates listed below, in the Northern District of Indiana, the defendant,

**SVEN ERIC MARSHALL,**

for the purpose of executing or attempting to execute the scheme to defraud described above, did knowingly cause to be delivered by U.S. mail the following pieces of mail to certain victims as specified below:

| Count | Date of mailing* | Description of mail | Victim receiving mail |
|---|---|---|---|
| 1 | December 31, 2017 | Trust & Investment Advisory Services of Indiana monthly statement, dated 12/31/0217 | SK and MK |
| 2 | December 31, 2017 | Trust & Investment Advisory Services of Indiana monthly statement, dated 12/31/2017 | BL |
| 3 | January 31, 2018 | Trust & Investment Advisory Services of Indiana monthly statement, dated 1/31/2018 | JB |
| 4 | January 31, 2018 | Trust & Investment Advisory Services of Indiana monthly statement, dated 1/31/2018 | FR |
| 5 | January 31, 2018 | Trust & Investment Advisory Services of Indiana monthly statement, dated 1/31/2018 | JY |

*All dates are on or about.

All in violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 set forth in Counts 1 through 5 of this Indictment, the defendant,

**SVEN ERIC MARSHALL,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

     All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED: December 12, 2018

A TRUE BILL:

s/ Foreperson
_____
Grand Jury Foreperson

APPROVED BY:

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

     s/ Luke N. Reilander
By: _____
Luke N. Reilander
Assistant United States Attorney

7