UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cr-138 JD |
| ) | |
| SVEN ERIC MARHSALL, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR ORDER ALLOWING INSPECTION
AND SUBMISSION OF A DEFENSE VERSION OF OFFENSE FOR PSR**

Comes now the defendant, Sven Eric Marshall, by and through his counsel, Donald J. Schmid (CJA), to submit this motion for an order from the Court allowing the defendant to inspect records in the possession of the government and allowing the government to submit a defense version of the offense before the Probation Office prepares a new draft of the Presentence Investigation Report.

On January 31, 2020, pursuant to this Court's Order dated December 20, 2019 (DE 74), the government has submitted to U.S. Probation a new "Prosecution Version of the Offense." This new version is predictably one-sided and regrettably heavy-handed. Be that as it may. The defense believes that there are numerous material errors contained in the government's prosecution version of the offense and

1

the attachments submitted by the government with that version. Some of these errors have already been detected.

Up until this point, the government has only allowed the defendant to inspect and review (under FBI supervision) certain files and documents that the government's taint team has selected for review from the more than 200 boxes of files in the government's possession that had been obtained from Mr. Tom Toth (DE 62, p. 3) in August 2019. But there are many more files and records that have not been provided to the defendant from the documents/records obtained from Mr. Toth and for which the government secured a search warrant. The defendant has more than once asked in writing for permission to review all of these files but the government has refused to allow him to inspect these files/records in the government's possession. The defendant now asks this Court for an order allowing the defendant to inspect all of the files/records obtained from Mr. Tom Toth (DE 62, p. 3) in August 2019. This inspection and review is needed in order for the defendant to have a fair opportunity to submit to U.S. Probation and ultimately to the Court an accurate defense version of the offense. This review is also needed in order to allow the defendant to correct the material misstatements in the government's version of the offense and to be able to object, with a supporting basis, to the government's loss and other guideline calculation recommendations here. These documents and records contain exculpatory information and evidence with respect to the sentencing issues in this case.

Further, the government has acknowledged receipt from South Bend attorney Cindy Gillis three boxes of files that she reportedly turned over to the government

on August 27, 2019. (DE 62, p. 2.) The government obtained a search warrant for those files and has presumably reviewed those files. The defendant has asked in writing to be able to inspect and review those files but the government has to date refused to allow him to inspect these files in the government's possession. These documents and records in these three boxes contain exculpatory information and evidence with respect to the sentencing issues in this case. The defendant now asks this Court for an order allowing the defendant to inspect all of the files obtained from Ms. Gillis (DE 62, p. 2) in August 2019. Inspection and review of these files is also needed to be able to give an accurate defense version of the offense including with respect to estate clients/matters. This review is also needed in order to allow the defendant to correct the material misstatements in the government's version of the offense including with respect to estate losses and to be able to object, with a supporting basis, to the government's loss and other guideline calculation recommendations.

It is well settled that the defendant is entitled to inspect all records and evidence in the government's possession that may help mitigate his sentence. See, e.g., *Alvarez v. City of Brownsville*, 904 F.3d 382, 411 (5th Cir. 2018) ("From the beginning, the *Brady* right has covered information that might be favorable to a defendant at sentencing. So as the government conceded at oral argument, a plea does not excuse its obligation to disclose any evidence in the prosecution's file that might mitigate the defendant's sentence"); *United States v. Edwards*, 945 F.2d 1387, 1398 (7th Cir. 1991)(resentencing can be required where a higher sentence was imposed because exculpatory evidence was denied to the defendant regarding

sentencing matters).  The defendant has a right to inspect all of his files and records in the matter that are in the present possession of the government in order to provide a more accurate account here of what in fact transpired and to adequately defend himself at sentencing.  Fairness and equity require this.

Finally, the defendant asks this Court to direct the U.S. Probation Department to wait to prepare a new draft of the Presentence Report until the defense has had time to review the above documents and to submit to Probation a "Defense Version of the Offense."  In this way, the Probation Department and PSR writer will receive a more accurate and full accounting of what happened here and the benefit of balance of submissions from both sides before preparing for the Court the U.S. Sentencing Guideline calculations and proposed schedule of restitution amounts.

WHEREFORE, the defendant seeks an order from this Court directing the government to allow the defendant to inspect and review all of the records in the government's possession that were obtained in August 2019, including specifically the documents/records from Lucinda Gillis and the documents/records from Tom

Toth, and also directing U.S. Probation to await the submission from the defendant a "Defense Version of the Offense" before preparing a new draft of the Presentence Report in this matter.

Dated: February 1, 2020

                                    Respectfully submitted,

                                    /s/  *Donald J. Schmid*
                                  _____

                                  Donald J. Schmid
                                  Attorney for Defendant Marshall