UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:18-CR-138 JD |
| ) | |
| SVEN ERIC MARSHALL ) | |

## ORDER

Defendant Sven Eric Marshall has been convicted and is awaiting sentencing on multiple counts of fraud. He initially stipulated to detention, but later filed an emergency motion for release in light of the recent pandemic. He argues that his detention will compromise his health and that he should be released to home detention until the risk from the pandemic subsides. The magistrate judge denied the motion without prejudice, finding that the health risks were being adequately mitigated in the jail.

Mr. Marshall now seeks review of that decision by a district judge. Section 3145 allows a defendant to move to revoke or amend a magistrate judge's order of detention. 18 U.S.C. § 3145(b). The Court reviews the magistrate's detention order *de novo*, meaning it must decide independently whether detention is warranted. *United States v. Jones*, 804 F. Supp. 1081, 1090 (N.D. Ind. 1992) ("[T]he appropriate standard of review to be applied in the district court to any review of a detention/release order is a *de novo* review."). The Court agrees with the magistrate judge's order, so it denies the request for temporary release.

Mr. Marshall does not dispute that he is subject to detention as a flight risk under 18 U.S.C. § 3143. Instead, he invokes § 3142(i), which allows a court to "permit the temporary release" of a defendant "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C.

§ 3142(i). Mr. Marshall argues that the pandemic is a compelling reason for his temporary release because of his age of 62 and the risk of transmission within the jail.

Even assuming that the Court has the authority to grant temporary release under § 3142(i),[1] the Court does not find that Mr. Marshall's release is warranted at this time. To begin with, the Court agrees with the government that Mr. Marshall presents a distinct flight risk. As his scheme began to unravel, Mr. Marshall abruptly closed his office and left the area, without providing notice to his clients or leaving a forwarding address. After his indictment, he was found in Florida, where he had been living in his car. The government has also represented that Mr. Marshall attempted to evade officers as they were attempting to arrest him. For obvious reasons, Mr. Marshall stipulated to detention once he appeared in this district. At that time, he was detained under § 3142, which would otherwise place the burden of proof on the government. Since then, he has been found guilty of three counts of fraud. His detention is now pursuant to § 3143(a)(1), which requires detention unless the defendant proves by clear and convincing evidence that he is not likely to flee—a burden Mr. Marshall cannot meet. Release to his mother's custody or on home detention would not prevent his flight, either, as electronic monitors can be removed or disabled. This risk of flight thus weighs against release.

In addition, the Court does not find that any risks created by the pandemic warrant Mr. Marshall's release at this time. To be sure, the rapidly spreading virus poses some risks to the jail. As the magistrate judge found, though, the jail has taken proactive steps to protect against the exposure or transmission of the virus within its facility, and there are currently no known or

---

[1] It is unclear whether § 3142(i), which addresses detention orders for pre-trial detainees, applies to Mr. Marshall, who has already been found guilty and is detained under § 3143. The government does not press that point, though, so the Court assumes without deciding that § 3142(i) would authorize temporary release if warranted.

suspected cases at the jail. The government also represents that no new arrestees are permitted to enter the pod in which Mr. Marshall is housed, which offers an added level of protection for Mr. Marshall in particular. Mr. Marshall also argues that he is at a heightened risk should he be exposed to the virus, in light of his age of 62. Mr. Marshall submitted an affidavit from a doctor who opines that persons age 60 or older are at greater risk of becoming seriously ill from COVID-19. For what it's worth, the Centers for Disease Control also warns of increased risks for older adults, but it defines that class as persons 65 years and older. Mr. Marshall does not cite any other factors that would place him at greater risk. Thus, while Mr. Marshall's age may place him at somewhat greater risk than the average jail population, his risk of exposure or of experiencing complications is not sufficient to warrant his release at this time, given the precautions the jail is taking.

In sum, having independently considered Mr. Marshall's request for temporary release, the Court agrees with the magistrate judge's resolution of that motion. The Court therefore DENIES Mr. Marshall's request for temporary release.

SO ORDERED.

ENTERED: March 24, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court