UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:18-CR-138 JD |
| ) | |
| SVEN ERIC MARSHALL ) | |

## ORDER

Defendant Sven Eric Marshall previously moved for an order allowing him to inspect over 100 bankers boxes of documents in the government's possession. After the Court ordered him to provide authority that he was entitled to access privileged records of his former clients, Mr. Marshall substantially modified that request. He no longer seeks access to the entirety of the documents in the government's possession and has expressly disclaimed any request to access privileged documents. [DE 91 p. 4]. Instead, he seeks access to three categories of records: (1) records he was already allowed to review (apparently including files of former clients that have executed waivers); (2) unprivileged business and financial records from his former practice; and (3) records pertaining to any possible victims of his scheme to defraud. The Court ordered the parties to confer as to these new requests and directed the government to file a response.

The government represents in response that no Court order is necessary for the defendant to access the first two categories of records. The government is and was willing to provide those documents for the defendant's review, and those documents were either never privileged or have had the privilege waived. The Court thus denies the motion as unnecessary as to those categories.

In the third category, the defendant seeks the files of any client that the government asserts is or may be a victim. It is unclear if this category includes materials not covered by the first two; the government has already given the defendant access to the files of the client–victims that have executed waivers. And because the defendant does not seek privileged materials, which

would include files of clients who have not executed waivers, no Court order should be necessary for this category either.

The government's response makes a further request of its own, though. Even though the defendant expressly disclaimed any request for privileged materials, the government now asks that the Court waive the attorney–client privilege over an additional set of client files for which the government has not obtained waivers. The government wants to review those files to investigate whether any of those additional clients are victims too. The Court denies that request. First, the government already had an extensive amount of time to review the files and seek any waivers. The Court ordered the government to complete its review and submit its revised statement of the offense conduct to probation by January 31, 2020. The government did not move to extend that deadline, which has long since passed. The case must move forward, and the government has not identified why this additional investigation is important enough to further delay this long-delayed proceeding.

Second, the government has not adequately justified its request for the Court to waive the privilege as to these files. The government asserts that the Court can order the disclosure of privileged files when the interests of justice so require. But it only cites a single case for that proposition, a forty-plus-year-old decision from an intermediate state court in another state. *Cohen v. Jenkintown Cab Co.*, 357 A.2d 689 (Pa. Super. Ct. 1976). Even more notably, the United States Supreme Court has *expressly considered and rejected* that case and its holding. *Swidler & Berlin v. United States*, 524 U.S. 399, 403–04 (1998). In *Swidler & Berlin*, the Supreme Court held that the government was not entitled to compel the disclosure of privileged materials even after the client's death, and that the privilege was not subject to a balancing test.

The government does not acknowledge that case or cite any other authority. The Court thus cannot find that the government has adequately supported its request.[1]

The Court therefore denies the defendant's motion [DE 77], as no Court order is necessary for him to access the three categories of materials he now seeks. The parties should confer to make arrangements for the defendant to review those documents when that becomes practicable. The Court also denies the government's request to order the disclosure of privileged documents; the defendant has withdrawn his request for any such materials and the government has not justified its own request.

SO ORDERED.

ENTERED: April 6, 2020

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court

---

[1] The defendant also suggests that any privilege has been waived by the filter team's review, but the Court disagrees. "The general rule is 'any *voluntary* disclosure *by the holder* of the attorney–client privilege is inconsistent with the attorney–client confidential relationship and thus waives the privilege,'" and the "client is the holder of the attorney–client privilege." *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 477 (N.D. Ill. 2002) (quoting *Powers v. CTA*, 890 F.2d 1355, 1359 (7th Cir. 1989) (internal alteration omitted)) (emphasis added). Thus, only waivers by the clients in question would waive the privilege as to those clients' files. The filter team cannot make that waiver on their behalf. Otherwise there would be no point to a filter team, as every document it reviewed would become unprivileged and would be disclosed to investigators.