UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:18-cr-138 JD |
| ) | |
| SVEN ERIC MARHSALL, ) | |
| ) | |
| Defendant ) | |

### DEFENDANT'S STATUS REPORT, AS ORDERED BY THE COURT (DE 110)

Comes now the defendant, Sven Eric Marshall, by and through his counsel, Donald J. Schmid (CJA), to submit the defendant's status report in this matter, as ordered by the Court (see DE 110).

On December 20, 2019, the Court ordered the government to complete its review of the files in this case and to submit a new "prosecution version" of the offense to Probation by January 31, 2020. (DE 74.) On January 31, 2020, the government submitted to the Probation Office and to defense counsel a new "prosecution version" of the offense.

After January 31, 2020, and despite the court's December 20 order, the government has continued its review of the files at issue in this case and then, without leave of Court, submitted a new version of its prosecution version to

1

Probation on May 12, 2020 at 2:55 p.m. This is now the government's third prosecution version, and second this year.

Since March 9, 2020, the defendant has requested inspection of the following exculpatory records:

1) "First, the defendant seeks to inspect again the records from the 15 boxes of documents (specifically, those for which he has not already been provided copies) that he was given access to prior to the submission of the government's new 'prosecution version of offense.'" (DE 91.)

2) "Second, the defendant seeks access to the business and financial records of his law and CPA practice (including all banking records) as well as any personal banking and financial records of Mr. Marshall that are in the government's possession, custody or control." (DE 91.)

3) "Third, and finally, the defendant seeks access to the files of any estate client (person, entity or trust) that the government asserts for purposes of sentencing or restitution is or might be a victim in this case. These documents include white binders containing estate files and records." (DE 91.)

The Court's April 6, 2020 Order indicated that a court order was not needed for the defendant to obtain review of these records, given that the government had said it would make these records available to the defendant. (DE 107.)

Since the April 6 Order, the government has not made any of these records available to the *defendant*, who is the person who needs to inspect and examine these records in order for the defense to be able to appropriately rebut the government's latest loss and restitution figures. Counsel for the defendant has

asked more than once since April 2020 when these records would be made available to the defendant for inspection and review.  Finally, on May 27, 2020, the government informed defense counsel that Mr. Marshall would be given his first opportunity for inspection and review of the agreed upon documents on July 1, 2020.  The U.S. Marshal Service has declined to transport Mr. Marshal to the U.S. Courthouse for this inspection and review prior to July 1, 2020.

The Court's Order (DE 110) stated: "ORDER as to Sven Eric Marshall: The defendant is ORDERED to file a status report, by 6/11/2020, indicating when he will be able to complete his review of any documents so that the revised Presentence Report can be finalized and the case can proceed to sentencing."

The defense is not able to say definitively when Mr. Marshall will be able to complete his review of the three categories of documents so that the revised Presentence Report can be finalized and the case can proceed to sentencing for three principal reasons.

First, the defendant does not know – beyond the one indicated date of July 1, 2020 – when the government and the U.S. Marshal Service will allow Mr. Marshall to inspect and review the records that the defendant has requested.  The government has provided no schedule or indication of what other dates besides July 1 that Mr. Marshall will be allowed to inspect and review the records.

Second, these documents appear to encompass more than 33 boxes of records.  So, the defendant's review of these records will take some time.  This is especially true if the government at this time provides inspection opportunities that are as

sporadic and limited as those that were allowed to the defendant in the latter part of 2019.

Third, the government's prosecution version is a moving target, with its latest revision coming May 12, 2020. The defense *assumes* that the government will not again revise its prosecution version at this time but the government has twice revised its prosecution version this year alone.

If given consistent days to inspect the 33 boxes of records and enough time in July 2020, the defendant is hopeful that he can complete the inspection of the records by the end of July 2020. Then, after that inspection, the defense will need some time to prepare and write up its rebuttal to the government prosecution version. The defense has already seen that there are errors in the government's loss and restitution figures, for example. For example, some "victims" listed by the government in its latest prosecution version were in fact paid in full and these amounts should not be included in these listed amounts.

If the government allows him adequate inspection time and opportunities, The defendant is hopeful that his sentencing could occur in latter August 2020. But that target date is dependent primarily in what the government does here on out, and of course the court's calendar.

It would help if the defendant could begin his inspection and review of the records *prior to July 1, 2020*. If defense counsel is permitted to inspect and review the three categories of documents in June 2020 in the courthouse, then, it would seem that the defendant (appropriately masked and socially distanced) should be allowed to inspect the records in June 2020. No explanation has been given to the

defense for this disparity.  The defendant would ask this Court for a directive to the government to schedule inspection dates and allow *the defendant* review of the documents as early as later this week – in June 2020.

Dated: June 8, 2020

                                            Respectfully submitted,

                                             /s/  *Donald J. Schmid*
                                             _____
                                             Donald J. Schmid
                                             Attorney for Defendant S. Eric Marshall

Law Offices of Donald J. Schmid
1251 N. Eddy St., Suite 200
South Bend, Indiana 46617
Tel. no.: 574-993-2280
schmid@donaldschmidlaw.com