UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No. 3:18-CR-138 JD

SVEN ERIC MARSHALL

**OPINION AND ORDER**

The Government moved for permission to play at Defendant Sven Eric Marshall's sentencing hearing video-recorded statements of S.E.R., a representative of deceased victim J.B., and victim F.R. According to the Government, their health problems prevent them from attending the upcoming sentencing hearing. One video is just over three minutes-long; the other lasts for one and a half minutes.

Defendant objects to the Government's motion, pointing out that both video statements have already been submitted to the Court by the probation department. He believes that replaying these videos at the sentencing hearing would give them undue weight and emphasis in relation to other materials that have been submitted for sentencing, including the statements from other victims and video statements submitted on Defendant's behalf. Defendant notes that he would not be objecting if the statements were different from what the Court has already received, but as they are the same statements that were previously provided, they are unnecessary.

The Court will grant the government's motion over Defendant's objection.

Under the Crime Victims' Rights Act, a victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). In addition, the victims have "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." § 3771(a)(8). Mr. Marshall will

be sentenced in a public proceeding, where F.R. and S.R.E. (on behalf of J.B.) have requested to be heard via a prerecorded video-statement because they're unable to attend due to their health concerns. Although the statements have already been submitted to the Court, they have not been aired in a public hearing. That is, the victims have not had the chance to present their side of the story in a public forum, both to confront the Defendant and to tell the public how they have been impacted by his crimes. *Cf. Kenna v. U.S. Dist. Ct. for C.D. Cal.*, 435 F.3d 1011, 1017 (9th Cir. 2006) ("CVRA gives victims the right to confront every defendant who has wronged them."). Moreover, the statements are short, adding up to less than five minutes in length, making Defendant's argument that they will somehow overshadow other victims' statements or Defendant's own presentation, or be accorded undue weight, unpersuasive. Finally, Defendant does not suggest that the contents of the two statements are objectionable, such as to contain inflammatory assertions, exaggerations, outright lies, or alike. In other words, his objections go only to the form of the sentencing hearing over which the Court has great discretion. And the Court is confident that its judgment as to the ultimate sentence Defendant should receive will not be unduly swayed by the two statements the Government wants played at the sentencing hearing. In short, given that the Government represents that neither victim can appear due to medical problems, and in light of the importance of rights of victims to appear at court proceedings, especially sentencing, the Court will accommodate the Government's request to play their video statements. *Cf. United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (recognizing "the congressional policy of encouraging crime victim participation in the criminal justice process").

      For these reasons, the Court GRANTS the Government's motion to permit victim video statements (DE 167).

SO ORDERED.

ENTERED: April 25, 2022

                /s/ JON E. DEGUILIO
                Chief Judge
                United States District Court